NO. 07-09-0338-CR

 IN THE COURT OF APPEALS

 FOR THE SEVENTH DISTRICT OF TEXAS

 AT AMARILLO

 PANEL C

 MARCH 9, 2011
 ______________________________

 NATHAN A. HYER,

 Appellant

 v.

 THE STATE OF TEXAS,

 Appellee
 _____________________________

 FROM THE 140th DISTRICT COURT OF LUBBOCK COUNTY;

 NO. 2008-421,248; HON. JIM BOB DARNELL, PRESIDING
 ______________________________

 Opinion
 ______________________________

Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.
 Appellant, Nathan A. Hyer, appeals his conviction for possessing a
controlled substance, namely cocaine. Though thirteen issues are before
us, we only address whether he was denied the assistance of counsel because
counsel was not allowed to make a closing argument during the punishment
phase of the trial. Our disposition of it is dispositive of the appeal
because we reverse the judgment.
 Appellant pled guilty to the charged offense without the benefit of
an agreement regarding punishment. He also waived his right to a jury and
asked the trial court to determine punishment. At the hearing on that
matter, both the State and appellant proffered witnesses. When they had
done so, the trial court asked: "[d]oes the State close?" The State
replied: "[t]he State closes, your honor." Then, the following exchange
transpired between the court and defense counsel:
 THE COURT: [Appellant], if you'll come up here.
 MR. HOGAN: Judge, I didn't close. Could I make a couple of brief
 suggestions to the Court before you - -

 THE COURT: No.
 MR. HOGAN: All right.
Why the trial court so denied defense counsel the opportunity to make
closing remarks went unexplained. Moreover, the State concedes that the
decision evinced reversible error if preserved for review.[1] So, the
issue before us is one of preservation; did appellant preserve his
complaint about being denied his constitutional right to legal counsel when
the trial court refused to allow him to tender closing argument? We
conclude he did.
 That the State did not ask for opportunity to provide closing
argument is undisputed. That the trial court was proceeding to sentence
appellant without affording appellant the opportunity to provide such
argument is clear. That appellant, through his counsel, expressly informed
the court that it had yet to "close" and would like to make a couple of
comments is also clear, as is the trial court's refusal to let him do
so.[2] Admittedly, defense counsel did not use the phrase "closing
argument" when asking for leave to speak. Yet, he did ask for the chance
to comment once the State "closed" and before the trial court decided what
measure of punishment to levy. Furthermore, the request came at that stage
of the proceeding when litigants would normally undertake closing argument,
i.e. after both sides rested. So, we have little difficulty in concluding
that a jurist facing like circumstances would interpret the request as one
seeking opportunity to proffer closing arguments. Bennett v. State, 235
S.W.3d 241, 243 (Tex. Crim. App. 2007) (stating that "'[m]agic words' are
not required" to preserve error and "a complaint will be preserved if the
substance of the complaint is conveyed to the trial judge").
 Next, the request to pursue a procedural step guaranteed by both the
United States and Texas Constitutions followed by the trial court's refusal
to permit it was sufficient to meet the requisites of Texas Rule of
Appellate Procedure 33.1. The latter simply mandates that the complaint
raised on appeal be "made to the trial court by timely request, objection
or motion." (Emphasis added). Tex. R. App. P. 33.1(a)(1). Omitted from
that rule are words expressly obligating the complainant to take further
action once a "request" or "motion" is made and denied. There is no need
to pursue the historic practice of verbally "excepting" to a decision
rejecting the objection, for instance. See Farrar v. State, 784 S.W.2d
54, 56 (Tex. App.-Dallas 1989, no pet.). That this is true is exemplified
by a defendant's ability to remain silent at trial when evidence is being
tendered for admission if that evidence was the subject of an unsuccessful
motion to suppress. Flores v. State, 129 S.W.3d 169, 171-72 (Tex. App.-
Corpus Christi 2004, no pet.). Similarly illustrative is the defendant's
ability to preserve error involving the refusal to submit a jury
instruction by merely requesting the instruction and having the court deny
the request. Tex. Code Crim. Proc. Ann. art. 36.15 (Vernon 2006). In each
instance the trial court had the opportunity to address the matter, and
Rule 33.1 simply assures that such an opportunity be afforded the court.
Lopez v. State, 96 S.W.3d 406, 412 (Tex. App.-Austin 2002, pet ref'd)
(stating that Rule 33.1 serves to give the trial court the chance to
address potential error in the first instance).
 We do note that prior objections or complaints can be waived by
subsequent actions or comments of counsel. Saying "no objection" when
evidence, made the subject of a prior motion to suppress, has that effect,
for instance. Obviously, such a phrase can be accepted for what the plain
meaning of the words denote, that the opponent has no objection to what is
being done. A like and clear expression of intent was not made here,
however. It is conceivable that counsel saying "all right" may mean that
the speaker has no problem with or complaint about what is being done, but
the context of the comment is all important. We cannot ignore the fact of
evolving life that the younger generation often assigns new meaning to old
words. "Bad" can be "good," for example.
 Here, appellant's counsel was not asked a question to which he
responded "all right." Instead, opportunity to comment about punishment
was requested and was abruptly denied him. Saying "all right" in reply to
such as the unexplained denial of a constitutional right may well evince
surprise or the circumstance of being taken aback, as opposed to approval
of the trial court's decision to forego closing argument. This is
especially so when, as here, defense counsel later attempted,
unsuccessfully, to proffer another suggestion apparently on the topic of
punishment. Moreover, the reporter's record reveals that counsel often
said "all right" after others spoke. That exact phrase was vocalized once
when his client testified about being twice sent to "state jail." So too
did counsel say the same words when appellant described how he "started
skipping school and getting high" in the seventh grade and that he sold a
friend's dog to buy "dope." In none of those situations could one
legitimately interpret "all right" as indicating approval of the conduct
disclosed. Indeed, given the many other instances of counsel muttering the
phrase when it had no logical relationship to what had been said, we infer
that he simply had a penchant for saying "all right," much like those
individuals who intersperse their communication with words like "okay,"
"like," and "you know." They mean nothing, generally, and the speaker most
likely does not know they are being verbalized. So, given the
circumstances in the record before us, counsel's uttering "all right"
cannot reasonably be interpreted as an intent to waive his request to make
closing remarks or approve of what the trial court did.
 Nor do we find controlling the authority cited by the State to
support the argument that the error was not preserved. For instance, the
Court of Criminal Appeals was not addressing the topic of error
preservation when writing in Ruedas v. State, 586 S.W.2d 520 (Tex. Crim.
App. 1979). So while the defendant there expressly objected and excepted
to the refusal to allow closing argument, the case hardly stands for the
proposition that one must so object and except to preserve his complaint.
The same also is true of Kirk v. State, No. 05-98-0095-CR, 1999 Tex. App.
Lexis 5743 (Tex. App. -Dallas August 4, 1999, no pet.) (not designated for
publication). And, to the extent that the reviewing court held in In re
M.A., No. 08-02-00544-CV, 2004 Tex. App. Lexis 5172 (Tex. App.-El Paso June
10, 2004, no pet.) (not designated for publication) that the issue was not
preserved because appellant failed to expressly object to the trial court's
ruling that denied his request for closing argument, no other courts of
appeal other than El Paso have followed it. Nor did the El Paso court
support its conclusion with any precedent. Moreover, the opinion could be
read as adding another element to Rule 33.1 omitted by those who drafted
the proviso. Again, the latter specifies that the complaint tendered for
review be encompassed in a "timely request, objection or motion." It does
not say that if the complaint was encompassed in a "request," then an
"objection" must also be made to preserve the matter once the request is
denied.
 We opt not to add into a rule what its authors left out. That
opportunity is left to the authors should they care to accept it. All an
appellant need do is make his complaint known to the trial court through a
"request, objection or motion;" he need not do more once any of those
avenues are travelled. (Emphasis added). See e.g. Ponce v. State, 68
S.W.3d 799, 807 (Tex. App.-Amarillo 2001, no pet.) (holding that it was
enough to request the particular relief or opportunity to preserve error).
 In sum, the complaint at issue was preserved. Since the State
conceded it to be harmful error, we reverse the judgment and remand the
cause for another punishment hearing.

 Brian Quinn
 Chief Justice

Publish.
-----------------------
 [1]The right to effective assistance of counsel under the Sixth
Amendment guarantees a defendant the opportunity to make a closing
argument. See Herring v. New York, 422 U.S. 853, 857-58, 95 S.Ct. 2550,
2553, 45 L.Ed.2d 593 (1975). Similarly, a defendant's right to be heard
under Article 1, Section 10 of the Texas Constitution assures the
defendant the right to make a closing argument. See Ruedas v. State, 586
S.W.2d 520, 522-23 (Tex. Crim. App. 1979). Those rights, therefore, are
violated when a trial court denies a defendant the opportunity to make a
closing argument. Herring, 422 U.S. at 857-58, 95 S.Ct. 2550; Ruedas, 586
S.W.2d at 522-23. And, the violation gives rise to reversible error
without the complainant having to show prejudice. See Kirk v. State, No.
05-98-0095-CR, 1999 Tex. App. Lexis 5743 (Tex. App.-Dallas August 4, 1999,
no pet.) (not designated for publication.)
 [2]A later effort by defense counsel to have input into the tenor of
his client's punishment was also rebuffed. After the trial court
pronounced sentence, defense counsel asked: "[w]ill the Court entertain an
addition of the ISF recommendation to the judgment?" The court's answer
was "[n]o."